1 | P a g e

**IN THE
UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **JOSE L. ALUIRA,** | . |
| **RICARDO CALDERON,** | . |
| **MANUEL CARLLO,** | . |
| **WILLIAM CHAVEZ,** | . |
| **LESLY CRUZ,** | . |
| **GILBERTO DIAZ,** | .   Case No.: |
| **MANUEL DEJESUS ESCALANTE GONZALEZ,** | . |
| **ABRIEL HERNANDEZ,** | . |
| **JOSE HERNANDEZ,** | . |
| **DENIS LARIOS,** | . |
| **OSMAN LOPES,** | . |
| **DANNY ALEXANDER MARADIAGA HERNANDEZ,** | . |
| **ADOLFO MALDONADO,** | . |
| **CARLOS MARTINEZ,** | . |
| **EVER MAYORGA,** | . |
| **EDWIN MAYORGA,** | . |
| **ELIAZAR MEDRANO,** | . |
| **ESWIN ORANTES,** | . |
| **ARNALDO RAMOS,** | . |
| **SILVIA RIOS,** | . |

2 | P a g e

| | |
|---|---|
| **MELQUIN VALDEZ,** | . |
| | . |
| **HUGO A. VARGAS MONTOYA,** | . |
| | . |
| on behalf of themselves and others similarly-situated, | . |
| | . |
| Plaintiffs, | . |
| v. | . |
| | . |
| **W.G./WELCH MECHANICAL CONTRACTORS, L.L.C.** | . |
| | . |
| Defendants. | |

………………………………………………o0o……………………………………………………

**Serve: National Registered Agents, Inc.**
　　　　**Registered Agent for**
　　　　**W.G./Welch Mechanical Contractors, LLC**
　　　　**4701 Cox Road, Suite 285**
　　　　**Glen Allen, VA 23060**

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs, JOSE L. ALUIRA, RICARDO CALDERON, MANUEL CARLLO, WILLIAM CHAVEZ, LESLY CRUZ, GILBERTO DIAZ, MANUEL DEJESUS ESCALANTE GONZALEZ, ABRIEL HERNANDEZ, JOSE HERNANDEZ, DENIS LARIOS, OSMAN LOPES, DANNY ALEXANDER MARADIAGA HERNANDEZ, ADOLFO MALDONADO, CARLOS MARTINEZ, EVER MAYORGA, EDWIN MAYORGA, ELIAZAR MEDRANO, ESWIN ORANTES, ARNALDO RAMOS, SILVIA RIOS, MELQUIN VALDEZ, HUGO A. VARGAS MONTOYA, by counsel, on behalf of themselves and all others similarly situated, and file this Collective Action Complaint against Defendant W.G./WELCH MECHANICAL CONTRACTORS, LLC (hereinafter "W.G./WELCH").

## PRELIMINARY STATEMENT

1.      Plaintiffs, who are Spanish-speaking workers with little or no fluency in either spoken or written English, bring this action on behalf of themselves and a class of other similarly-situated employees (the "Plaintiff Class") to require Defendants to pay back wages owed to them and to the Plaintiff Class, which Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq*. ("FLSA"). In addition, Plaintiffs bring this action under the District of Columbia's Minimum Wage Revision Act ("MWRA"), D.C. Code §§ 32-1001, *et seq*., which requires every employer who chooses to do business in the District of Columbia to guarantee fair payment for all workers. The named Plaintiffs and the Plaintiff Class are collectively referred to herein as "Plaintiffs." Plaintiffs seek permanent injunctive relief and damages for themselves and all class members.

2.      Between February 17, 2022, and March 7, 2022, Plaintiffs were employed by Defendant W.G./Welch Mechanical Contractors, LLC (hereinafter "Defendant W.G./Welch" or "Defendant") to perform plumbing and other construction labor on a construction project known as the "City Ridge Project" located at 3900 Wisconsin Ave. NW, Washington, DC 20016. Plaintiffs and similarly-situated employees have been employed by Defendant W.G./Welch to perform these tasks during this period and through the present. Defendant W.G./Welch employs approximately 80 employees to perform these manual tasks. Plaintiffs and other similarly-situated employees routinely worked more than 40 hours per week and were paid on an hourly basis. Defendant W.G./Welch failed to pay Plaintiffs and other similarly-situated employees the minimum wage and overtime premium of one and one-half times their regular rates of pay for their hours worked over 40 in any workweek in violation of the FLSA and the MWRA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a). This Court has supplemental jurisdiction over Plaintiffs' claims under the MWRA pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendant W.G./Welch transacts business in this District and Defendant W.G./Welch employed the named Plaintiffs and the Class Plaintiffs in this District through an agreement with Mechanical Plumbing Crew Co. (hereinafter "MPC"), a Virginia corporation.

## PARTIES

5. Plaintiffs JOSE L. ALUIRA, RICARDO CALDERON, MANUEL CARLLO, WILLIAM CHAVEZ, LESLY CRUZ, and each and every additional named Plaintiff (hereinafter "named Plaintiffs"), are former or current non-exempt employees of Defendant who earned, but did not receive, compensation for time worked, together with time and one-half pay for time spent over 40 hours per week from Defendant.

6. The class of similarly-situated employees (hereinafter "Class Plaintiffs") are or were non-exempt employees of Defendant who earned, but did not receive, compensation for time worked and time and one-half pay for time spent over 40 hours per week from Defendant.

7. The named Plaintiffs and the Plaintiff Class at all times relevant hereto were each an "employee" as that term is defined by 29 U.S.C. §203 (e).

8. The work of the named Plaintiffs and the Plaintiff Class regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers, like

the named Plaintiffs and the members of the Plaintiff Class, who are "engaged in commerce or in the production of goods for commerce."

9. Defendant W.G./Welch is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business in Frederick, Maryland, with active construction projects in Virginia and the District of Columbia. Defendant W.G./Welch is an employer as defined by 29 U.S.C. §203 (d).[1]

10. At all times relevant, Defendant W.G./Welch has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools and supplies that were transported or produced out-of-state.

11. In establishing the unlawful pay scheme at issue in this case and in misclassifying the Plaintiffs and other similarly-situated employees as independent contractors, Defendant W.G./Welch was motivated by the intent to avoid paying the minimum wage and overtime premium to Plaintiffs and other similarly-situated employees as required by the FLSA.

## CLASS ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on behalf of themselves and an opt-in class of all persons who were or are hourly non-exempt laborers who were procured to work for Defendant W.G./Welch by MPC and who earned, but did not receive, compensation for time worked, including but not limited to overtime pay from Defendants.

   a) The size of the class is so numerous (over 80 persons) that joinder of the individual members would be impracticable.

---

[1] **(d)** "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency….

b) The named Plaintiffs are adequate class representatives because they are directly impacted by the actions of Defendant W.G./Welch. The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorney representing the class is experienced in representing clients in federal litigation.

c) Common questions of law and fact are involved, including questions posed by Plaintiffs' allegations that Defendant W.G./Welch failed to pay in violation of § 7 of the FLSA present and former non-exempt employees of Defendant who earned, but did not receive, a minimum wage and overtime pay.

d) Claims of the named Plaintiffs are typical of the claims of the class because all class members and the named Plaintiffs are affected by the conduct of Defendant W.G./Welch as alleged herein.

e) Defendant W.G./Welch has acted on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

f) Common questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

g) The named Plaintiffs are similarly situated to the class members in terms of job responsibilities, title, and employment dates as they were or are all laborers recruited to work for Defendant W.G./Welch by MPC, were or are paid on an hourly basis, perform or performed plumbing-related manual work on the City Ridge Project located at 3900 Wisconsin Ave. NW, Washington, DC 20016, and who were denied compensation for all the time that they worked and time and one-half overtime wages by Defendant W.G./Welch.

## FACTS

13. Plaintiffs re-allege and incorporated by reference the allegations set forth in the preceding paragraphs.

14. Defendants hired the named Plaintiffs and the members of the Plaintiff Class.

15. Plaintiffs and the members of the Plaintiff Class provide or have provided plumbing-related manual work on the City Ridge Project located at 3900 Wisconsin Ave. NW, Washington, DC 20016 on behalf of Defendant W.G./Welch.

16. Defendant W.G./Welch exercised control over employee work schedules and the manner and means by which the Plaintiffs performed their work on the City Ridge Project. W.G./Welch managers, including Wade Collins, Site Manager for Defendant W.G./Welch, Scott Bowman, Site Manager for Defendant W.G./Welch, Christian Flores, Quality Control Manager for Defendant W.G./Welch, and Jeremy Hughes, Safety Manager for Defendant W.G./Welch, gave instruction to individual Plaintiffs concerning the timing of and manner in which their work should be performed.

17. The Plaintiffs' employment took place on premises controlled by Defendant W.G./Welch.

18. The Plaintiffs performed a "specialty job" in Defendant W.G./ Welch's "production line".

19. Defendant W.G./ Welch supplied all materials used by Plaintiffs in their work. For example, Defendant W.G/Welch provided sheet metal ducts used by Plaintiffs in the performance of their work for Defendant W.G./Welch.

20. Plaintiffs worked exclusively for Defendant W.G./ Welch for approximately four months.

21. The work of some of the Plaintiffs is repetitive, requiring little skill or training.

22.     The activities Plaintiffs performed are an integral part of the overall business operation of the Defendant W.G./Welch.

23.     Defendant W.G./Welch is a "joint employer" of the Plaintiffs and Class Plaintiffs with MPC within the meaning of the FLSA.

24.     The named Plaintiffs regularly worked more than forty hours in almost every week they worked during their employment by Defendant W.G./ Welch beginning in or around November 2021. None of the Plaintiffs received any premium pay for their hours worked over 40 in any workweek.

25.     The Plaintiff Class members also regularly worked more than forty (40) hours in one or more weeks during the relevant time and during their employment by Defendant W.G./ Welch.

26.     Defendant W.G. Welch paid the named Plaintiffs at individual hourly rates for their hours worked.

27.     Defendant W.G./Welch improperly designated the named Plaintiffs and Class Plaintiffs as independent contractors for but exercised a degree of control over them and their work such that they are clearly employees under any applicable legal standard. For example, Defendant W.G. Welch set the hours worked by the Plaintiffs, closely supervised their work, instructed them how to perform their work, hired and fired the Plaintiffs, and provided Plaintiffs with all supplies necessary for completion of their work on the City Ridge Project. Plaintiffs were economically dependent on Defendant W.G./Welch.

28.     MPC and Defendant W.G./Welch shared, agreed to allocate responsibility for, and codetermined, formally and informally, directly and indirectly, the essential terms and conditions of the Plaintiffs employment.

29. MPC and Defendant W.G./Welch's combined influence over the essential terms and Plaintiffs' employment render the Plaintiffs employees as opposed to independent contractors.

30. Defendant W.G./Welch, by and through its Vice President of Operations Jeremiah Uglow, promises Plaintiffs that it would pay Plaintiffs for their work performed between February 17, 2022, and March 7, 2022, in return for Plaintiffs' agreement to continue their work on the City Ridge Project. See emails between Abriel Hernandez and Jeremiah Uglow attached hereto as Exhibit "A."

31. Defendant failed and refused to cover Plaintiffs' payroll as promised in the emails attached hereto as Exhibit "A."

### UNPAID OVERTIME

32. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

33. Defendants routinely and consistently required the named Plaintiffs and Class Plaintiffs to work over forty hours per week.

34. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

35. Despite working overtime, the named Plaintiffs and Class Plaintiffs were not paid time and one-half pay from Defendants for overtime worked.

### CAUSES OF ACTION

### COUNT I.

**Violation of the Federal Fair Labor Standards Act (FLSA) -Overtime**

36.     The foregoing paragraphs are included herein as though fully set forth herein.

37.     Defendant regularly engages in commerce and their employees handle and use goods, which have moved in interstate commerce.

38.     At all relevant times, Defendant was and is an employer within the meaning of the FLSA and is subject to the provisions of the FLSA.

39.     The named Plaintiffs and Class Plaintiffs at all relevant times were employees of Defendants, as defined by the FLSA.

40.     During the period of time that the named Plaintiffs and the Class Plaintiffs were employed by Defendant W.G./Welch, the named Plaintiffs and Class Plaintiffs performed regular, scheduled overtime work for which no additional compensation was paid to them by Defendant in violation of the provisions of the FLSA. More specifically, Defendant violated § 7 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees, including the named Plaintiffs and the members of the Plaintiff Class who earned overtime pay.

41.     Upon information and belief, the Defendant's pay system was unilaterally imposed upon the named Plaintiffs and the Class Plaintiffs.

42.     The Defendant's failure to properly administer a scheme of compensation, including but not limited to overtime compensation violates the overtime provisions of the FLSA and the regulations thereunder.

43.     As a result of the Defendant's willful and knowing failure to properly compensate the named Plaintiffs and Class Plaintiffs, those Plaintiffs have suffered substantial delays in receipt of wages owed and damages.

44. The Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

45. Pursuant to 29 U.S.C. §§ 207 and 216, Defendant owes the named Plaintiffs and Class Plaintiffs compensation for their overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## COUNT II.

### Violation of the Federal Fair Labor Standards Act (FLSA) -Unpaid Minimum Wages

46. The foregoing paragraphs are included herein as though fully set forth herein.

47. Between February 17, 2022, and March 7, 2022, Defendant W.G./Welch failed and refused to make any payment to the named Plaintiffs and Class Plaintiff for their work performed during that period.

48. Pursuant to 29 U.S.C. §§ 207 and 216, Defendant owes the named Plaintiffs and Class Plaintiffs compensation for their work for which they received no compensation, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## COUNT III.

### Failure to Pay Wages Owed D.C. Code § 32-1302.

49. The foregoing paragraphs are included herein as though fully set forth herein.

50. Defendant was an employer under D.C. Code § 32-1301(1B).

51. Plaintiffs were Defendant's employees under D.C. Code § 32-1301(2).

52. D.C. Code § 32-1301(3)(E) defines wages as "all monetary compensation after lawful deductions, owed by an employer, whether the amount owed is determined on a time, task, piece,

commission, or other basis of calculation" and states that wages include bonuses, commissions, fringe benefits paid in cash, overtime premiums, and "other renumeration promised or owed [] pursuant to a contract for employment, whether written or oral."

53. The unpaid wages and unpaid overtime compensation that Defendant owes to Plaintiffs as described herein constitutes wages that Defendant's employees earned under D.C. Code § 32-1301(3)(E). In promising Plaintiffs wages as described herein, Defendant created an oral contract with Plaintiffs to cover their payroll as described herein. Defendant ultimately failed to pay employees their wages that it had promised to pay.

54. Defendant violated D.C. Code § 32-1302 because it did not pay Plaintiffs the wages owed to them for the hours they worked.

## COUNT IV

### Failure to Pay Overtime Wages D.C. Code § 32-1003(c)

53. The foregoing paragraphs are included herein as though fully set forth herein.

54. Defendant was an employer under the MWRA. D.C. Code § 32-1002(3).

55. The Plaintiffs were Defendants' employees under the MWRA. D.C. Code § 32-1002(2).

56. Defendant failed to pay Plaintiffs all the overtime wages Plaintiffs earned during a period beginning in November 2021 through March 7, 2022.

57. The failure to pay these overtime wages violated the MWRA. D.C. Code § 32-1003(c).

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs and Class Plaintiffs seek judgment against Defendant as follows:

1. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b).
2. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs.
3. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act and the MWRA.
4. That Defendant be enjoined from further violations of the Fair Labor Standards Act and the MWRA.
5. That the named Plaintiffs and Class Plaintiffs recover unpaid wages and unpaid overtime wages together with an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b). That Plaintiffs recover their unpaid minimum wages for the periods they performed work for Defendant and were not paid at all as described herein. The total of Plaintiffs' unpaid minimum wages, overtime wages, and liquidated damages exceeds $250,000.00.
6. That the named Plaintiffs and the Class Plaintiffs recover an award of reasonable attorney's fees, costs, and expenses.
7. Order the Defendant to make whole the named Plaintiffs and Class Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief.
8. Plaintiffs further pray for such additional relief as the interests of justice may require.

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

14 | P a g e

                                                         Jose L. Aluira, Ricardo Calderon,
                                                         Manuel Carllo, William Chavez,
                                                         Lesly Cruz, Gilberto Diaz,
                                                         Manuel de Jesus Escalante Gonzalez,
                                                         Abriel Hernandez, Jose Hernandez,
                                                         Denis Larios, Osman Lopes,
                                                         Danny Alexander Maradiaga Hernandez,
                                                         Adolfo Maldonado,
                                                         Carlos Martinez, Ever Mayorga,
                                                         Edwin Mayorga, Eliazar Medrano,
                                                         Eswin Orantes, Arnaldo Ramos,
                                                         Silvia Rios, Melquin Valdez,
                                                         Hugo A. Vargas Montoya,
                                                         On behalf of themselves and all others similarly situated,

                                                         By Counsel

_____/s/_____
Thomas F. Hennessy (VSB No. 32850)
THE HENNESSY LAW FIRM, PLLC
*Counsel for Plaintiffs*
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net